UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

HARRY C. BENNETT, JR.,

   Plaintiff

-VS-                                  CASE NO.:

EQUIFAX INFORMATION         **JURY TRIAL DEMANDED**
SERVICES LLC, TRANS UNION
LLC, BROWARD ADJUSTMENT
SERVICES, INC., FIRST FEDERAL
CREDIT CONTROL, INC.,
AND PHOENIX FINANCIAL
SERVICES LLC,

   Defendants.
_____/

# COMPLAINT

Plaintiff, Harry C. Bennett, Jr. (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), Broward Adjustment Services, Inc. (hereinafter "BAS"), First Federal Credit Control, Inc. (hereinafter "FFCC"), and Phoenix Financial Services, LLC (hereinafter "PFS"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## **PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the FCRA, 15 U.S.C. § 1681 *et seq*.

2. Today in America there are three major consumer reporting agencies, Equifax, Trans Union and Experian (hereinafter collectively "Consumer Reporting Agencies" or "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Trans Union, and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from furnishing entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

8. Venue is proper in this District as BAS is headquartered in this District and the Defendants transact business within this District.

9. The Plaintiff is a natural person and resident of the State of Massachusetts, residing in Bristol County, Massachusetts.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Upon information and belief, BAS is a corporation incorporated under the State of Florida, whose registered agent is Ronald J. France, 2876 East Oakland Park Boulevard, Fort Lauderdale, FL 33306.

12. BAS is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

13. BAS is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

14. Upon information and belief, FFCC is a corporation headquartered in the State of Ohio, authorized to do business in the State of Florida through its registered office at Corporate Creations Network, Inc., 801 US Highway 1, North Palm Beach, FL 33408.

15. FFCC is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

16. FFCC is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

17. Upon information and belief, PFS is a limited liability company headquartered in the State of Indiana, authorized to do business in the State of Florida through its registered office at CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

18. PFS is a limited liability company collecting an alleged obligation which arises out of personal, family or household transactions.

19. PFS is a limited liability company that was attempting to collect an alleged consumer debt from Plaintiff.

20. Upon information and believe, one of the accounts in which PFS was attempting to collect originated with Inphynet South Broward LLC, a Medical Group located in Florida and the other account PFS was attempting to collect originated with Paragon Contacting Services, LLC, a medical billing company located in Florida.

21. Upon information and belief, Equifax is a corporation headquartered in the State of Georgia, authorized to do business in the State of Florida through its registered agent is Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

22. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

23. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

24. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

25. Upon information and belief, Trans Union is a corporation headquartered in the State of Illinois, authorized to do business in the State of Florida through its registered agent, The Prentice-Hall Corporation System, Inc., located at 1201 Hay Street, Tallahassee, FL 32301.

26. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

27. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

28. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

29. Plaintiff is a natural person that noticed a number of inaccurate accounts on his credit reports.

30. These inaccurate accounts were reporting negatively on Plaintiff's credit reports.

31. Upon review, it became clear that most of the inaccurate accounts were medical bills for services provided at clinics in the South Florida area.

32. Plaintiff also noticed that Equifax and Trans Union were reporting Plaintiff had lived at numerous Florida addresses, as well as an address in Pennsylvania.

33. Plaintiff is a resident of Massachusetts, has never lived in Florida or Pennsylvania, and has never received medical treatment in Florida.

34. In or around December, 2020, Plaintiff mailed a written dispute letter to Equifax, disputing two (2) accounts from Broward Adjustment Services; one (1) account from First Federal Credit Control, two (2) accounts from Phoenix Financial Services, and two (2) accounts from Wakefield & Associates, that were inaccurately appearing on Plaintiff's Equifax consumer report.

35. In the dispute letter, Plaintiff explained that he had never sought medical treatment in the State of Florida. Plaintiff further explained that he had no knowledge about the inaccurate accounts, but believed they were probably opened by the same person who received the medical treatment.

36. In that same dispute letter, Plaintiff explained he did not live in Florida or Pennsylvania, and had never lived at any of the addresses in Florida or Pennsylvania being reported on his credit report, and this was most likely the source of where the individual these inaccurate accounts belong to lived.

37. Upon information and belief, Equifax forwarded a copy of Plaintiff's dispute to BAS.

38. Upon information and belief, Equifax forwarded a copy of Plaintiff's dispute to FFCC.

39. Upon information and belief, Equifax forwarded a copy of Plaintiff's dispute to PFS.

40. On or about January 6, 2021, Equifax responded to the dispute letter and while the Westfield & Associates accounts were deleted from Plaintiff's file, all the remaining disputed inaccurate accounts had been verified as belonging to Plaintiff.

41. In this same response, Equifax also advised they had reviewed and removed the inaccurate Florida and Pennsylvania addresses.

42. In or around December, 2020, Plaintiff mailed a written dispute letter to Trans Union, disputing two (2) accounts from Broward Adjustment Services; one (1) account from First Federal Credit Control, two (2) accounts from Phoenix Financial Services, and two (2) accounts from Wakefield & Associates, that were inaccurately appearing on Plaintiff's Trans Union consumer report.

43. In the dispute letter, Plaintiff explained that he had never sought medical treatment in the State of Florida. Plaintiff further explained that he had no knowledge about the inaccurate accounts, but believed they were probably opened by the same person who received the medical treatment.

44. In that same dispute letter, Plaintiff explained he did not live in Florida or Pennsylvania, and had never lived at any of addresses in Florida or Pennsylvania, being reported on his credit report, and this was most likely the source of where the individual these inaccurate accounts belong to lived.

45. Upon information and belief, Trans Union forwarded a copy of Plaintiff's dispute to BAS.

46. Upon information and belief, Trans Union forwarded a copy of Plaintiff's dispute to FFCC.

47. Upon information and belief, Trans Union forwarded a copy of Plaintiff's dispute to PFS.

48. On or about December 31, 2021, Trans Union responded to the dispute letter and advised that while both Phoenix Financial Services, both Wakefield & Associates accounts, and one of the Broward Adjustment Services account were removed from Plaintiff's credit report.

49. Inexplicably, Trans Union verified the other Broward Adjustment Services account as belonging to Plaintiff, along with the First Federal Credit Control account, also being verified as belonging to Plaintiff.

50. In this same response, Trans Union also advised they had reviewed and removed the inaccurate Florida and Pennsylvania addresses.

51. To date, BAS, FFCC, and PFS have failed to report the proper information on Plaintiff's credit report(s) despite having been given ample notice of its/their error.

52. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    a. Delay in obtaining credit;
    b. Loss of time;
    c. Loss of monies spent trying to fix his consumer files;
    d. Stress, aggravation, and other related impairments to the enjoyment of life.

53. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA – as to Defendant, Equifax Information Services, LLC)

54. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) as if fully set out herein.

55. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

56. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

57. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

58. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**(Violation of the FCRA - As to Defendant Equifax Information Services, LLC)**

59. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set out herein.

60. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

61. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

62. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C .§ 1681o.

63. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest,

attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
**(Violation of the FCRA - As to Defendant, Trans Union LLC)**

64. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set out herein.

65. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

66. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

67. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

68. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
**(Violation of the FCRA - As to Defendant, Trans Union LLC)**

69. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set out herein.

70. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know are unreliable.

71. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

72. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be

determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

73. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT V
**(Violation of the FCRA - As to Defendant, Broward Adjustment Services, Inc.)**

74. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set out herein.

75. BAS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the BAS representation; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Broward Adjustment Services, Inc. representations to the CRAs.

76. As a result of this conduct, action and inaction of BAS, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

77. BAS's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

78. The Plaintiff is entitled to recover costs and attorney's fees from BAS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory and punitive damages against Broward Adjustment Services, Inc., jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT VI
### (Violation of the FCRA - As to Defendant, First Federal Credit Control, Inc.)

79. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set out herein.

80. FFCC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the FFCC representation; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the FFCC representations to the CRAs.

81. As a result of this conduct, action and inaction of FFCC, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

82. FFCC's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

83. The Plaintiff is entitled to recover costs and attorney's fees from FFCC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory and punitive damages against First Federal Credit Control, Inc., jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT VII
**(Violation of the FCRA - As to Defendant,
Phoenix Financial Services, LLC)**

84. The Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set out herein.

85. PFS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the PFS representation; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the PFS representations to the CRAs.

86. As a result of this conduct, action and inaction of PFS, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

87. PFS's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

88. The Plaintiff is entitled to recover costs and attorney's fees from PFS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory and punitive damages against Phoenix Financial Services LLC, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

*/s/ Jason R. Derry*
Jason R. Derry
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
eshillinglaw@ForThePeople.com
smcgee@ForThePeople.com
*Attorney for Plaintiff*